HELENE N. WHITE, Circuit Judge,
dissenting.
DISSENT
I join in the conclusion of a majority of the judges on this panel that Justice Kennedy’s opinion in Town of Greece, N.Y. v. Galloway, — U.S. —, 134 S.Ct. 1811, 188 L.Ed.2d 835 (2014) controls our analysis, not Justice Thomas’s.
I agree with the dissenting judges that we may properly consider the videos 6f the Jackson County Board of Commissioners meetings, and that Bormuth should have been permitted to take the discovery he requested and to supplement the record. I also agree that the district- court erred in granting summary judgment in favor of Jackson County. I do not agree that Bor-muth is entitled to summary’ judgment. Rather, I would remand.
As all agree, legislator-led prayer is constitutional if it fits within the historical tradition of legislative prayer identified by the Supreme Court. See Town of Greece, 134 S.Ct. at 1819-20. Prayer practices within that tradition have an appropriate purpose; they seek to “elevate the purpose of the occasion and to unite lawmakers in their common effort,” rather than “denigrate nonbelievers or religious minorities, threaten damnation, or preach conversion.” Id. at 1823. Similarly, our nation’s historical tradition does not include prayer practices that are coercive; legislators may not “single[ ] out dissidents for opprobrium,” “allocate[ ] benefits and burdens based on participation in the prayer,” treat citizens “differently depending on whether they joined the invocation,” or “signal disfavor toward nonparticipants or suggest that their stature in the community was in any way diminished.” Id. at 1826. The majority pays lip service to these principles by largely considering the prayer practice in a vacuum, and drawing the most benign inferences from the facts it actually confronts. In contrast, the dissent examines and analyzes the practice with all its blemishes, as the Court has directed.
Although I would not find any one factor controlling, the factors discussed in the dissenting opinion are important to the requisite “fact-sensitive” inquiry whether the prayer practice -is coercive. Town of Greece, 134 S.Ct. at 1825. And, on the record before us, these factors strongly support the conclusions that the prayer practice is a far cry from the practice found constitutional in Town of Greece, and that the practice is, and indeed is intended to be, coercive.'
Although Jackson County is clearly not entitled to summary judgment, I would not grant summary judgment to Bormuth,' either. Because the district court did riot consider most of the evidence discussed by the dissent and misunderstood its relevance, it did not consider Jackson County’s response to the evidence. -Further, al *546 though Jackson County has admitted the authenticity of the videos, it challenges the factual inferences drawn by the dissent and should be permitted to support alternative inferences with evidence. For these reasons, I conclude that if the court were to reverse the grant of summary judgment in favor of Jackson County, the proper disposition would be to remand for further proceedings,[1] not for entry of judgment in favor of Bormuth. Of course, none of this matters given the majority’s affirmance.

. In Town of Greece, the Supreme Court had the benefit of a fully developed record, which included affidavits and deposition testimony from several town officials. See Galloway v. Town of Greece, 732 F.Supp.2d 195, 201 (W.D.N.Y. 2010) (subsequent history omitted).